PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1996 Jeep Cherokee struck ice while claimant Crystle Buchanan was traveling on County Route 7/1 in Wood County. County Route 7/1 is a road maintained by respondent in Wood County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 5:55 p.m. on February 1,2004, a cold evening. County Route 7/1 is a one-lane road at the area of the incident involved in this claim. Claimant Crystle Buchanan testified that she was driving around ten to fifteen miles per hour when her vehicle struck a patch of ice that had formed adj acent to a driveway which connects to the road. She stated that the driveway was on a steep hill and water drains off this driveway onto the road. Mrs. Buchanan stated that there had been snow and icy conditions on the road during the previous two weeks. She testified that the ice was about six to eight inches thick. Claimants’ vehicle struck a hole in the patch of ice, whereupon Crystle Buchanan lost control of the vehicle which swerved, went over an embankment and flipped over before coming to a stop. The vehicle was totaled in the accident. Both Mrs. Buchanan and her son, who was a passenger in the vehicle, were taken to the hospital. Mr. and Mrs. Buchanan testified that they had called respondent on several occasions about the icy conditions on the road prior to the incident. Claimants’ testified that their vehicle was valued at $6,820.00.
The position of the respondent is that its employees were involved in snow and ice removal on the high prioiity roads in Wood County for the date in question.
Ron Galland, Assistant Supervisor for the respondent in Wood County, *14 testified that at the time of claimants’ incident crews for respondent were involved in snow and ice removal. Mr. Galland stated that County Route 7/1 is part tar and chip and part gravel road that is low priority in terms of maintenance. He testified that due to its low priority, it would be one of the last roads to be worked on during snow and ice removal periods. Mr. Galland further stated that at the time of claimants’ incident there was a lot of snow throughout the area and the crews had to perform snow and ice removal on the main routes until they were clean.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent was involved in snow and ice removal throughout Wood County on the date of claimants’ incident. Consequently, there is insufficient evidence of negligence upon which to justify an award. The Court is well aware that during periods of snow and ice respondent directs its attention to the primary routes. It is not able to address all county routes but attempts to maintain all road hazards when it receives notice from the public. While respondent did receive notice from the claimant of the conditions on County Route 7/1, there was evidence that there had been snowy and icy conditions for two weeks prior to the incident. The Court will not impose an impossible duty upon respondent during periods when its crews must be attending to the maintenance of ice and snow on the State’s highways. Therefore, the Court has determined that claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.