PER CURIAM:
Claimant brought this action for vehicle damage which occurred when Claimant’s 2004 Ford Explorer Sport Trac struck a patch of ice and slid into a tree on Timber Hill Drive in Princeton, Mercer County. Timber Hill Drive is a public road maintained by Respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:30 a.m. on February 27,2010. It had been snowing heavily prior to the incident and there was snow and ice on Timber Hill Drive, which is a two-lane paved road with a downhill curve at the location of the incident involved in this claim. At the time of the incident, Celina Treadaway was driving Claimant’s front-wheel drive vehicle to work. Ms. Treadaway stated she had been snowed in at her house for many days prior to the incident and that the road had not been plowed all winter, but neither Claimant nor Ms. Treadaway had contacted Respondent. Ms. Treadaway testified that was approximately a quarter of a mile from her house, driving 10-15 miles per hour, when *228 Claimant’s vehicle struck a patch of ice and Ms. Treadaway lost control of the vehicle. Ms. Treadaway stated that she attempted to tap the breaks and steer to the left around the curve, but she was unable to regain control of the vehicle and it collided head-on with a tree.
As a result of this incident, Claimant’s vehicle sustained damage in the amount of $7,151.32, and was a total loss. Claimant testified that she only carried liability insurance at the time of the incident.
It is the Claimant’s position that Respondent knew or should have known about icy conditions on Timber Hill Drive which created a hazard to the traveling public, and that Respondent was negligent in failing to properly maintain Timber Hill Drive prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of ice posing a risk to the traveling public on Timber Hill Drive at the time of the incident.
The position of the Respondent is that its employees were involved in snow and ice removal on the high priority roads in Wood County for the date in question.
Michael McMillion, Highway Admninistrator for Respondent in Mercer County, testified that at the time of Claimant’s incident crews for Respondent were involved in snow and ice removal. Mr. McMillion stated that Timber Hill Drive is part tar and chip and part gravel road that is low priority in terms of maintenance. He testified that due to its low priority, it would be one of the last roads to be worked on during snow and ice removal periods. Mr. McMillion further stated that at the time of Ms. Treadaway’s incident there was a lot of snow throughout the area and the crews had to perform snow and ice removal on the main routes until they were clean.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986); Chapman v. Dep't of Highways, 16 Ct. Cl. 103 (1986). With regard to ice claims, this Court has held that Respondent must direct its attention to the primary routes during periods of snow and ice, and failure to clear low priority roads and county routes without notice from the public is an insufficient basis upon which to find liability. Buchanan v. Div. of Highways, 26 Ct. Cl. 13 (2005).
In the instant case, the evidence established that the Respondent was involved in snow and ice removal throughout Wood County on the date of Claimant’ incident. Consequently, there is insufficient evidence of negligence upon which to justify an award. The Court is well aware that during periods of snow and ice Respondent directs its attention to the primary routes. It is not able to address all county routes but attempts to maintain all road hazards when it receives notice from the public. While Respondent did receive notice from the Claimant of the conditions on Timber Hill Drive, there was evidence that there had been snovy and icy conditions for two weeks prior to the incident. The Court will not impose an impossible duty upon Respondent during periods when its crews must be attending to the maintenance of ice and snow on the State’s highways. Therefore, the Court has determined that Claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.